# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

PAMELA J. CABRAL,

        Plaintiff,

-vs-                                                    Case No.  8:13-cv-2130-T-DAB

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's

decision to deny Plaintiff's application for Disability Insurance Benefits and Supplemental Security

Income.  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

## Procedural History

Plaintiff filed an application alleging she became disabled on April 9, 2009, later amending

her onset date to February 19, 2010 (R. 127-138, 57).  The application was denied initially and on

reconsideration, and Plaintiff sought and received an administrative hearing. The Administrative Law

Judge ("ALJ") issued a decision on May 16, 2012, finding that Plaintiff was not disabled (R. 25-39),

and the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final

decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the

jurisdiction of the undersigned United States Magistrate Judge.  The matter has been fully briefed and

the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to arthritis, depression, fibromyalgia, pain in arms, legs, neck and lower back, and "fibromyalgia/carpel tunnel/facepetarthropy of L5F1" (R.149).

### *Summary of Evidence Before the ALJ*

Plaintiff was 52 years old at the time of the ALJ's decision, with an 11th grade education, and past relevant work that includes housekeeper, home health caretaker, and stocker/cashier (R. 58-60, 128, 150).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff and her husband, and opinions from non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: rheumatoid arthritis and degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)) (R. 30), but the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 31). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b) (R. 31).

The ALJ next determined that Plaintiff could return to her past relevant work as a cashier (R. 33). Alternatively, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 34), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).   The

Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C.

§ 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable

person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560

(11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will

affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.

1991).  The district court must view the evidence as a whole, taking into account evidence favorable

as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of

factual findings).

## Issues and Analysis

Plaintiff's objections are addressed in the context of the five step evaluation sequence used

by the Commissioner.  The ALJ must follow five steps in evaluating a claim of disability.  *See* 20

C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not

disabled.  29 C.F.R. § 404.1520(b).   Second, if a claimant does not have any impairment or

combination of impairments which significantly limit his physical or mental ability to do basic work

activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).

Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart

P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not

prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a

claimant's impairments (considering residual functional capacity, age, education, and past work)

prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R.

§ 404.1520(f).

Plaintiff has raised objections to the formulation of the RFC (steps two and three) and the

ALJ's determination that she could perform her past relevant work (step four). The plaintiff bears the

burden of persuasion through step four, while at step five the burden shifts to the Commissioner.

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff claims that the ALJ erred in giving little weight to the opinion of the treating

rheumatologist, Dr. Youngblood, while giving great weight to the opinion of the non-examining

neurologist, Dr. Molis.  The ALJ noted:

> As for the opinion evidence, the record contains a medical source statement dated
> April 2012 from Dr. Mary Youngblood, the claimant's rheumatologist. Here, Dr.
> Youngblood opines that the claimant is limited to sitting, standing, and/or walking no
> more than three hours a day, lifting no more than 10 pounds, no fine manipulation, no
> crawling or climbing, and occasional bending, squatting, or reaching. Moreover,
> overall, she indicated that the claimant is unable to sustain and maintain work activity
> on a regular and continuous basis. However, the undersigned gives this opinion
> evidence little weight as it is simply unsupported by the medical evidence as a whole,
> the claimant's reported daily activities noted above, and Dr. Youngblood's own
> treatment records. In particular, Dr. Youngblood noted only some tenderness as
> positive findings on examination. Yet, she reported full range of motion with no motor
> deficits to account for the above limitations. Thus, it appears that the doctor relied in
> large part on the claimant's subjective complaints while formulating her opinion
> (Exhibits SF, 8F and 9F).
>
> The state agency medical expert Dr. Edmund Molis opined that the claimant retains
> the ability to perform a full range of light work. The undersigned has given this
> assessment great weight as it is consistent with the claimant's sporadic, conservative
> treatment and the benign examination findings detailed above (Exhibit 3F).

(R. 33).

Plaintiff contends that 1) the ALJ failed to consider that Dr. Molis did not review all of the treatment records before he opined; 2) Dr. Youngblood's opinion was entitled to more weight as she is a specialist in the field; 3) the treating records are consistent with Dr. Youngblood's opinions; and 4) a treating physician's opinion is entitled to more weight than a non-examining consultant. Upon review, the Court finds no error.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)  Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Here, while noting that Dr. Youngblood was the treating rheumatologist,[1] the ALJ nonetheless discounted her opinions as unsupported by the medical evidence, the doctor's own treatment records, and Plaintiff's description of her daily activities.  As these reasons are supported by substantial evidence, there is no error in failing to give Dr. Youngblood's opinions controlling weight.  As stated by the ALJ, Plaintiff's treatment records reflect conservative treatment and "few, generally benign findings on examination" (R. 32).[2]  Although Plaintiff takes issue with the description of her examinations as generally benign in view of her reports of pain and frequent findings of swollen joints, "the severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Here, the ALJ was correct in her observation that Plaintiff presented to her physicians with full range of motion and no motor deficits.  Further, Plaintiff's activities include helping her husband with occasional lawn work and painting, performing light household tasks such as laundry, cleaning, dishwashing, and cooking, as well as driving, shopping and taking walks (R. 63, 165, 170-171, 173, 179-184).  As noted by the ALJ, these activities reflect a much greater functional ability than claimed (R. 32-33).  The discounting of Dr. Youngblood's opinion is amply supported.

As for Plaintiff's objection to giving more weight to the opinion of Dr. Molis, the Court sees no error.  Plaintiff contends that "the opinion of a non-examining physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an ALJ's decision," citing *Sharfarz v. Bowen*, 825 F.2d 278, 279-281 (11th Cir. 1987).  The Court notes, however, that the

---

[1]Although Plaintiff contends that Dr. Youngblood's opinion should trump that of Dr. Molis as Dr. Youngblood is a specialist, specialization is just one factor to consider in weighing a medical source opinion. See 20 C.F.R. §§ 404.1527, 416.927. Here, the ALJ noted Dr. Youngblood's specialization, but did not find her opinion to be controlling for the reasons cited.

[2]The ALJ noted a normal nerve conduction study, an MRI that showed minimal spinal stenosis and disc bulging but no disc herniation (R. 31), and generally normal musculoskeletal evaluations with only tenderness noted (R. 32). The ALJ also noted that "cervical x rays showed merely minimal findings and a MRI of the claimant's knees revealed only minimal osteoarthritic changes. She also had normal x-rays of the hands (Exhibit 5F)." (R. 32).

opinion of Dr. Molis was not "taken alone."   The ALJ reviewed all of the evidence, including

Plaintiff's testimony and reports of activities and the objective testing and treatment notes detailed

in the opinion. While the Court agrees that the opinion of a treating physician is generally entitled to

more weight, the ALJ here noted and discounted the opinion of one treating physician, and found Dr.

Molis' opinion to be "consistent with the claimant's sporadic, conservative treatment and the benign

examination findings" (R. 33).  This conclusion is supported by the cited evidence.[3]

*Credibility*

Plaintiff next objects to the ALJ's assessment of her credibility.  When a claimant attempts

to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that

requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence

that confirms the severity of the alleged [symptom] arising from that condition or (3) that the

objectively determined medical condition is of such a severity that it can be reasonably expected to

give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).   If the

objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the

claimant establishes that she has an impairment that could reasonably be expected to produce her

alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged

---

[3]The Court is also not persuaded by the fact that the opinion of Dr. Molis was made prior to  the reports of Dr. Youngblood.  As Judge Chappell has found:

> There is no requirement that a treating or non-treating physician's report be made only after considering all medical evidence in the record. Likewise, the ALJ is not forbidden from considering a medical evaluation simply because the doctor did not have access to medical evidence that was submitted two years after the evaluation. As long as the ALJ considers all the "relevant evidence" and substantial evidence supports his determination, there is no error on the part of the ALJ. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.2005) (holding that there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as it is clear that the ALJ considered the Plaintiff's medical condition as a whole).

*Gibson v. Astrue*, No. 2:10–cv–44–FTM–29SPC, 2011 WL 307693, *8 (M.D. Fla. Jan. 6, 2011) (noting that the ALJ is required to consider all relevant evidence that appears in the record, "but this requirement is not applied to doctor's whose reports are considered by the ALJ"), *report and recommendation adopted*, 2011 WL 307690 (M.D. Fla. Jan 28, 2011).  A review of the ALJ's decision here shows that she fully considered the notes and opinions of Dr. Youngblood, as noted above.  No error is shown.

symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d),

416.929(c), (d); *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible.

Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must

articulate specific and adequate reasons for doing so, or the record must be obvious as to the

credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th

Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not

disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

*Foote,* 67 F.3d at 1562.

Here, the ALJ set forth detailed credibility findings:

As noted above, the record does not reflect objective medical findings to support the
claimant's allegations regarding carpal tunnel syndrome. Moreover, while the claimant
testified that she has difficulty holding onto items or lifting, examination findings
reveal that the claimant has exhibited intact sensation and full muscle strength. In fact,
the claimant has even specifically denied experiencing paresthesias in the hands
(Exhibits 2F and SF).
Moreover, despite some disc protrusion and bulging of the lumbar spine, as noted
above, the claimant has had generally normal musculoskeletal evaluations of record
with only tenderness noted. Further, while she has complained of diffused joint pain
throughout her body, cervical xrays showed merely minimal findings and a MRI of the
claimant's knees revealed only minimal osteoarthritic changes. She also had normal
x-rays of the hands (Exhibit SF).
Overall, the claimant has had only routine/conservative treatment with few, generally
benign findings on examination. Such evidence certainly supports no greater limitation
than as set forth above. Additionally, despite alleging greater limitations at hearing,
the claimant previously reported engaging in activities of daily living that reflect much
greater ability. The claimant indicated that she has no problems maintaining her
personal care or hygiene, she helps her husband with lawn work and painting, she
makes simple and multi-course meals, she does laundry, she washes dishes, she drives
and shops, and she takes walks (Exhibit 6E).
Further, as noted above, the claimant received unemployment compensation since the
third quarter of 2009. Thus, while alleging disability, the claimant was simultaneously
certifying her ability to work and her active engagement in activity job seeking to the
state. Such inconsistencies tend to further diminish the claimant's general credibility
(Exhibit 4D).

(R. 32-33).

Plaintiff objects to these findings, claiming: 1) she had reasons for her hand symptoms other than carpal tunnel which the ALJ ignored; 2) the ALJ mischaracterized the daily activities; 3) the evidence of diffuse pain is not dependent on x ray or MRI results; and 4) receipt of unemployment benefits is not inconsistent with Plaintiff's claim of being limited to sedentary activities.  None of these contentions present a reason to remand.

Plaintiff's contention that she had other reasons for hand pain misses the mark. At issue is the level of functional impairment resulting from a condition, not a mere diagnosis.  Here, examination findings cited by the ALJ reveal that the claimant had intact sensation and full muscle strength with no paresthesias in the hands, and her carpal tunnel was asymptomatic.  Whatever the source of the claimed impairment, the ALJ found no showing of functional limitations arising from hand pain beyond those set forth in the RFC, and that finding is appropriately considered in the credibility evaluation.

Next, while it is true that pain is not dependent on x ray results, the ALJ did not reject Plaintiff's allegations of disabling pain solely because they were not substantiated by objective evidence.  Rather, the ALJ fully evaluated Plaintiff's assertions of pain and found them to be not fully credible for the variety of reasons set forth above.

The remaining objections are similarly without merit.  The ALJ accurately characterized Plaintiff's reports of her daily activities (*see* R. 32) and, in this district, an ALJ may consider the receipt of unemployment compensation as evidence in evaluating credibility. *See Boyd v. Astrue,* No. 3:10-cv-105-J-JRK, 2011 WL 1259795, at *6-7 (M.D. Fla. Mar. 31, 2011); *Blaisdell v. Colvin*, No. 8:12-CV-01523-T-27, 2013 WL 2285107, at *8 (M.D. Fla. May 23, 2013); *Estelle v. Astrue*, No. 2:11-CV-337-FTM-99, 2012 WL 4369296 (M.D. Fla. Jul 31, 2012).  Also, while the Eleventh Circuit has observed that participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability, *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir.

1997), Plaintiff's activities were evaluated in the context of evaluating her credibility.  This is permitted by the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) ("Factors relevant to your symptoms…which we will consider include: (i) Your daily activities…").

Plaintiff is correct in her implicit contention that there is record evidence which, if credited, might support a different conclusion.  The standard, however, is not whether the evidence is unanimous or could support another result; the standard is whether *this* result is supported by the law and more than a scintilla of evidence.  The Court finds that the ALJ's findings are so supported, and there is thus no error found.

*The step four finding*

The Commissioner has conceded that the ALJ erred in finding that Plaintiff could return to her past work as a cashier, as Plaintiff's past work as a stocker/cashier is not within the RFC of light work (Doc. 26, p. 13). Nonetheless, the Commissioner contends that this error is harmless as the ALJ made an alternative finding at step five of the evaluation (R. 34-35). Plaintiff acknowledges the alternative finding, but disagrees that the error was harmless, contending: "The ALJ's throw-away comment that there are other jobs does not save her error from reversal."  Plaintiff is mistaken.  As noted above, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995).  Thus, even if the ALJ erred at step four, if the ALJ met her burden at step five of the analysis, the error would not warrant reversal. On review, the Court concludes that such is the case.

In determining whether the Commissioner has met her burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"]. *Foote*, 67 F.3d at 1558.  Exclusive reliance on the grids

is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Passopolus v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992) ("This court has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level.").

In making the alternative finding here, the ALJ noted that she must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2 (R. 34).  Performing that analysis, the ALJ concluded that, based on a residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.18 and Rule 202.11. *Id.*  This conclusion is not a "throw away" comment, but a reasoned analysis, based on the appropriate standards and supported by the findings and law cited.  As the step five finding was made in accordance with proper standards and is supported by substantial evidence, the error at step four was harmless.[4]

## Conclusion

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue

---

[4]The Reply brief filed by Plaintiff reflects a misunderstanding of the Commissioner's position on this issue.  The Commissioner did not contend that all of Plaintiff's objections were moot in light of the step five finding; only that the objection as to the step four finding was.

before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard

is adequately supported by the evidence and was made in accordance with proper legal standards. As

the Court finds that to be the case, it must affirm the decision.

For the reasons set forth above, the administrative decision is **AFFIRMED**. The Clerk is

directed to enter judgment accordingly, terminate all pending matters and close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record